IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JAMIE LEE COKER, #1782357, | § |
| Petitioner, | § § § |
| v. | §  Case No. 6:20-cv-58-JDK-JDL |
| DIRECTOR, TDCJ-CID, | § § § |
| Respondent. | § |

### ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Jamie Lee Coker, a Texas Department of Criminal Justice inmate proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition.

On June 24, 2021, Judge Love issued a Report and Recommendation recommending that the Court dismiss this petition with prejudice and deny a certificate of appealability. Docket No. 19. The Court extended Petitioner's deadline to file objections to August 16, 2021. Docket No. 21. On August 14, Petitioner mailed a letter entitled: "Equitable Tolling Affidavit to Permit Late Filing of Federal Petition for Writ of Habeas Corpus." Docket No. 22. The Court will construe Petitioner's mailing as timely objections to the Magistrate Judge's Report.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the

1

Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Petitioner brings two objections: (1) that his federal due process claim has merit, and (2) that because he did not have counsel during his state collateral review proceedings, he is entitled to equitable tolling under *Martinez v. Ryan*. Docket No. 22 at 2. Both objections fail.

*First*, Petitioner's conclusory statement that his federal due process claim has merit does not overcome the fact that his federal habeas petition is time barred. As stated in the Report, Petitioner filed his federal habeas application over five years after the limitations period had run. *See* Docket No. 19 at 6. Therefore, Petitioner's first objection is overruled.

*Second*, Petitioner argues that he is entitled to equitable tolling under *Martinez v. Ryan,* 566 U.S. 1, 17 (2012). Specifically, he states that claims of ineffective assistance of counsel must be raised on collateral, rather than direct, review in Texas. He asserts that his state collateral review proceeding was therefore the "initial" review proceeding with respect to his ineffective assistance of counsel claim. However, he also states that because he did not have counsel during this collateral review proceeding, under the Supreme Court's *Martinez* ruling, he should be afforded equitable tolling.

Petitioner's reliance on *Martinez* to overcome the statute of limitations is misplaced. In *Martinez*, the Supreme Court held that "lack of counsel on collateral review might excuse defendant's state law procedural default." *Trevino v. Thaler*, 569 U.S. 413, 417 (2013). But here, Petitioner failed to meet the *federal* statute of limitations deadline under the AEDPA. The *Martinez* decision does not apply to the statute of limitations or equitable tolling. *See Clark v. Dir. Tex. Dep't of Crim. Justice-Corr. Insts. Div.*, No. 1:18-cv-27 (E.D. Tex. Jan. 30, 2018) (citing *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014)), rec. adopted, No. 1:18- cv-27 (E.D. Tex. May 4, 2018); *see also Hernandez v. Davis*, No. 3:17-cv-896, 2018 WL 6706236 (N.D. Tex. Nov. 26, 2018), rec. adopted, 2018 WL 6696506 (N.D. Tex. Dec. 19, 2018). Put simply, "*Martinez* does not apply to § 2244(d)'s one-year limitations period." *Shank v. Vannoy*, No. 16-30994, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017) (citing *Lombardo v. United States*, 860 F.3d 547, 557–58 (7th Cir. 2017)). Therefore, Petitioner's second objection is overruled.

Having reviewed the Magistrate Judge's Report, Petitioner's objections, and the record in this case de novo, the Court finds that the objections are without merit and that the findings and conclusions of the Magistrate Judge are correct. Accordingly, the Court hereby **OVERRULES** Petitioner's objections (Docket No. 22) and **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 19) as the findings of this Court. This petition for habeas corpus is hereby **DENIED** and this action is **DISMISSED WITH PREJUDICE**. The Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **24th** day of **August, 2021.**

                                                  _____
                                                  JEREMY D. KERNODLE
                                                  UNITED STATES DISTRICT JUDGE